Marjorie **ABELL**, Plaintiff-Appellant,

v.

William **ABELL**, Defendant-Respondent.

No. 48190.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 1984.

Charles P. Todt, Clayton, for plaintiff-appellant.

Joseph Howlett, Clayton, for defendant-respondent.

KAROHL, Judge.

Wife appeals dissolution decree contesting denial of maintenance, insufficient child support and attorney's fees and the division of marital property.

■ There were two children born of the marriage. The eldest became twenty-one between the date of the original decree and the date the court amended the decree. The younger child became twenty-one on September 30, 1984. On that date child support terminated. We find no abuse of discretion in the amount of child support awarded and affirm the order.

■ We find no error in the denial of maintenance. The children are grown and emancipated. Appellant wife is a licensed real estate broker. Her evidence of earned income exceeds her stated expenses for herself, excluding the children. § 452.335.-1(2), RSMo. 1978. We affirm the denial of maintenance. *Royal v. Royal,* 617 S.W.2d 615, 619 (Mo.App.1981).

■ Likewise we find no abuse of discretion in the award of attorney's fees of $3,500.00 where the evidence established an earned fee of $7,120.00. The court's broad discretion in dissolution cases applies to attorney's fees. *Boone v. Boone,* 637 S.W.2d 249, 250 (Mo.App.1982). The extent of husband's earnings as a Chartered Life Underwriter in the insurance industry was contested and may or may not have exceeded the wife's earnings. Here the wife's earnings will permit payment even though the husband's earnings may exceed that of the wife. *Whitenton v. Whitenton,* 659

S.W.2d 542, 549 (Mo.App.1983). We find no abuse of discretion.

In her final point wife contends that the court in distributing the marital property failed to fully consider the abundant evidence of misconduct on the husband's part and the extraordinary contribution of the wife. Wife argues that the decree is deficient in not assigning values to the marital property and in not factoring the misconduct of husband and good conduct of wife into the property distribution.

■ We find no request for findings of fact on either the values of marital property or conduct in the record. The court on two occasions suggested that the parties submit their suggestions for his consideration but findings of fact were never requested. *See* Rule 73.01(a)(2). There is no error in failure to perform such tasks if not properly requested. *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo.banc 1984). In *Dardick* the issue there was the failure to assign values for the individual items of marital property. This reasoning also applies when considering matters of good conduct or misconduct as an additional factor in the distribution.

Section 452.330.1(4), RSMo. Supp.1983 directs that the conduct of the parties during the marriage is a relevant consideration on the issue of division of marital property. We have interpreted misconduct broadly. While marital misconduct is not limited to financial misdeeds and may justify a disparate division of marital property, *Smith v. Smith*, 552 S.W.2d 321 (Mo. App.1977), misconduct is not a basis for punishing one spouse, see *In re Marriage of Carmack*, 550 S.W.2d 815 (Mo. App.1977), or for awarding inadequate marital property to an offending spouse, see *Givens v. Givens*, 599 S.W.2d 204 (Mo.App.1980). Misconduct is a crucial factor, when under given facts and circumstances, the conduct of one spouse creates burdens for the other beyond those normally expected in the marital relationship, *Burtscher v. Burtscher*, 563 S.W.2d 526 (Mo.App.1978).

*Royal v. Royal*, 617 S.W.2d 615, 618 (Mo. App.1981). The evidence supports findings of husband's extreme marital misconduct and that during the period of separation the wife supported the children and paid the family obligations from her own earnings while husband chose to spend his time and income on another woman.

Here no request was made for a finding of marital property division absent fault, or for a finding of marital misconduct on the part of husband or unusual contribution on the part of the wife, or how conduct of both types may have affected the order of distribution. The court ordered that the family home be sold and gave the wife 60% of the value. The home was the principal asset of marital property. We find the court complied with the mandate of § 452.-330.1, RSMo. Supp.1983 for a just division of the marital property. Absent a request for specific findings on value of the property and the parties' conduct we cannot conclude that the trial court did not properly balance husband's misconduct and wife's good conduct when distributing the marital property. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64 (Mo.banc 1983); *Fields v. Fields*, 643 S.W.2d 611, 617–618 (Mo.App. 1982).

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.