Curvis W. BELL, Appellant,

v.

The STATE of Texas.

No. 1414–98.

Court of Criminal Appeals of Texas,
En Banc.

June 9, 1999.

Debbie S. Holmes, Huntsville, for appellant.

Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

McCORMICK, P.J., delivered the opinion of the Court in which MANSFIELD, KELLER, PRICE, HOLLAND, WOMACK and KEASLER, JJ., joined.

A jury convicted appellant of the felony offense of retaliation which appellant committed against a jailer while appellant was "an inmate in the institutional division of the Texas Department of Criminal Justice" serving a sentence for burglary of a habitation. The trial court assessed punishment for the retaliation offense, enhanced by two prior felony convictions, at confinement for 25 years. Pursuant to Article 42.08(b), V.A.C.C.P., the trial court stacked the sentence for the retaliation offense onto the sentence for the burglary offense.

Relying on this Court's decisions in *Resanovich v. State*[1] and *Turner v. State*,[2] the Court of Appeals decided the trial court erred to stack the sentences because there was no "record evidence of the prior [burglary] conviction and that [appellant] was the person convicted." *Bell v. State*, No. 14–96–00388 Slip op. at 3, 1998 WL 418766 (Tex.App.—Houston [14 th Dist.], delivered July 23, 1998) (nonpublished). We granted the State Prosecuting Attorney's petition for discretionary review to review this decision (ground for review one).

The Court of Appeals also reformed the trial court's judgment to delete the cumulation order because "allowing the State a second chance to present its proof of the prior burglary conviction" would violate the double jeopardy provisions of the state and federal constitutions. *Id.* We also granted the State Prosecuting Attorney's petition for discretionary review to review this decision (grounds for review two and three).

■ Article 42.08(b) provides:

"If a defendant is sentenced for an offense committed while the defendant was an inmate in the institutional division of the Texas Department of Criminal Justice and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense."

Article 42.08(b) clearly and plainly does not require "record evidence of the prior conviction and that [appellant] was the person convicted." And our decision in *Resanovich* did not decide Article 42.08(b) required this. *Resanovich*, 906 S.W.2d at 41–43.

Moreover, our decision in *Turner* is distinguishable because it was decided under what is now Article 42.08(a), V.A.C.C.P.

See also *Williams v. State*, 675 S.W.2d 754, 763–64 (Tex.Cr.App.1984) (op. on reh'g) (discussing the five *recommended* elements of an Article 42.08(a) cumulation order). Whatever the reasons this Court recommended or advised for requiring specificity in an Article 42.08(a) cumulation order do not exist for an Article 42.08(b) cumulation order. See *Williams*, 675 S.W.2d at 763–64 (op. on reh'g).

For example, in its brief the State Prosecuting Attorney accurately points out:

"Clearly, the trial judge's decision to cumulate sentences pursuant to subsection (a) is discretionary; whereas, under subsection (b), the trial judge has a mandatory duty to cumulate the sentence with any sentence the defendant was serving at the time of the offense. Because of the different natures of cumulation orders entered either pursuant to subsection (a) or (b), an order entered pursuant to subsection (b) will entail different-and, we believe, less stringent-requirements of proof and specificity than have been classically required of a subsection (a) cumulation order.

"The purpose to be served by these proof and specificity requirements is to allow the Texas Department of Criminal Justice–Institutional Division to identify the prior conviction with which the newer conviction is cumulated. (Citation Omitted). If a discretionary order is made by the trial court pursuant to subsection (a), prison officials would have no way of knowing that the court had exercised its discretion to stack the sentences absent such notice in its judgment. In fact, it is quite possible that the defendant had not begun serving in TDCJ–ID the prior conviction upon which the subsequent conviction is stacked. Therefore, in order that prison officials can accurately identify the sentences involved and make the necessary service calculations, the judgment must

**1.** *Resanovich v. State*, 906 S.W.2d 40, 42–43 (Tex.Cr.App.1995).

**2.** *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Cr.App.1987).

contain the sufficient amount of information.

"However, a cumulation of sentences mandated by subsection (b) of Art. 42.08 is of an entirely different nature. By necessity, subsection (b) is not implicated unless the defendant was an inmate of the penitentiary at the time he committed the subsequent offense. Thus, TDCJ–ID will necessarily be aware of both (1) the fact that the defendant was an inmate at the time he committed the offense; and (2) the specifics regarding the sentence for which the defendant was serving at the time. In the prior commitment of the defendant to the penitentiary for the sentence he was serving, TDCJ–ID would have necessarily been provided with the information regarding the conviction recommended by this Court in (citation omitted). (Citations Omitted)."

■ In addition, the Court of Appeals erred to reform the trial court's judgment to delete the cumulation order. Under the United States Supreme Court's decision in *Monge v. California,* it would not violate federal double jeopardy principles to allow the State "a second chance to present its proof of the prior burglary conviction." See *Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 2248–53, 141 L.Ed.2d 615 (1998) (double jeopardy principles generally not applicable to noncapital sentencing proceedings) and at 2255–57 (Scalia, J., dissenting) (double jeopardy principles not applicable to noncapital sentencing proceedings unless these proceedings call for consideration of "facts that are *elements* of a criminal offense" rather than "facts that go only to the *sentence* ") (emphasis in original). Any of this Court's cases to the contrary must be and are overruled [e.g., *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr. App.1982); *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Cr.App.1982); *Carter· v. State,* 676 S.W.2d 353 (Tex.Cr.App.1984); *Washington v. State,* 677 S.W.2d 524 (Tex.Cr. App.1984; *Ex parte Gonzales,* 707 S.W.2d 570 (Tex.Cr.App.1986), and *Ex parte*

*Quirke,* 710 S.W.2d 582 (Tex.Cr.App. 1986) ]. See *State v. Guzman,* 959 S.W.2d 631 (Tex.Cr.App.1998) (when we decide questions of federal constitutional law, we are bound by United States Supreme Court federal constitutional decisions).

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

JOHNSON, J., filed a concurring opinion joined by MEYERS, J.

JOHNSON, J., filed concurring opinion in which MEYERS, J., joins.

I concur only in the judgment of the Court. I write separately to clarify that evidence was introduced at trial indicating that appellant was an inmate at the time of the offense.

The majority properly states that Article 42.08(b) does not *specifically* require "record evidence of the prior conviction and that [appellant] was the person convicted." *Ante,* at 174. However, Article 42.08(b) does require that the offense be committed while appellant was an "inmate in the institutional division of the Texas Department of Criminal Justice." As the majority acknowledges, the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID) will be aware that the defendant was an inmate at the time he committed the offense and of the specifics regarding the sentence for which the defendant was serving at the time. *Id.* at 174–75. Nevertheless, it is not TDCJ–ID but the *trial court* who must be aware, at trial, of appellant's status as an inmate. The trial court does not somehow inherently know that appellant was an inmate at the time of the offense. Thus, *some* evidence of the defendant's status as an inmate must be adduced at trial.

Upon review of the record, there appears to be sufficient evidence introduced at trial to ascertain that appellant was an inmate at the TDCJ–ID at the time of the offense, thus invoking Article 42.08(b). At trial, Appellant was repeatedly referred to

by witnesses and prosecution as "Inmate Bell" with no objection from defense counsel. Defense counsel himself referred to appellant as "Inmate Bell." Officer Beasley, the alleged victim, testified that he was a correction officer at the Ellis Unit of the TDCJ–ID and that appellant was an inmate at the same unit at the time of the offense. No defense objections were made to this or other testimony that appellant was an inmate. *In these circumstances*, there is sufficient evidence to invoke Article 42.08(b). *See Resanovich v. State*, 906 S.W.2d 40, 42–43 (Tex.Crim.App.1995) (Defendant's prior murder conviction was established by admission of defendant's counsel that defendant was currently serving murder sentence and by defendant's failure to object to state's observations that defendant was serving sentence for murder and thus defendant's subsequent sentence could be cumulated on to previously imposed sentence for murder conviction.).[1]

With these comments, I concur in the judgment of the Court.

Kathy Colvin, Longview, for appellant.

Barbara Hervey, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

---

1. As noted in *Resanovich*, the "Court would note that this dispute could have been avoided had the prosecution simply introduced the pen pack containing the prior [burglary of a habitation] conviction into the record." *Resanovich*, 906 S.W.2d at 42, n. 6.