NO. 07-04-0028-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 15, 2005



______________________________







IN RE RICK ANTHONY ALCALA AND TASHA ALCALA, RELATORS



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS



 Relators Rick and Tasha Alcala seek a writ of mandamus to compel the Honorable
John Board, Judge of the 181st District Court of Potter County, to vacate his order signed 
March 21, 2003, granting the motion of Wonderland Amusements, Inc., d/b/a Wonderland
Park, to exclude a medical doctor as relators' expert witness and to vacate his order signed
August 21, 2003, which denied their motion to reinstate a deposition and to reconsider the
order of exclusion of their expert. Considering the record before the trial court in the
underlying case and the rules and principles applicable to the extraordinary writ of
mandamus, we deny the petition.

 Relators sued Wonderland Amusements, Inc. d/b/a Wonderland Park for personal
injuries they allegedly sustained at the amusement park on August 9, 1999. After a video
deposition was taken of relators' medical doctor on January 7, 2003, in Dallas as initiated
by relators, Wonderland Park moved that Dr. Townsend be excluded as an expert witness. 
After considering relators' response to the motion and after an evidentiary hearing, the
presiding judge of the trial court signed its order dated March 21, 2003, providing that Dr.
Townsend may not testify in the case as an expert for relators. Then, on April 17, 2003,
counsel for relators filed a second notice of video deposition of Dr. Townsend to be taken
in Dallas at 6:00 p.m. on April 28, 2003, which prompted counsel for Wonderland Park to
file a motion on April 18, 2003, to quash the deposition of Dr. Townsend contending, among
other things, that a second deposition was unnecessary and results in unnecessary travel
expense and attorney's fees. In the alternative, the motion asserted that the noticed date
was not a convenient date. Relators then filed their motion to reinstate deposition and to
reconsider the order excluding their expert alleging, among other things, that the
deficiencies in the first deposition could be satisfied by simply asking specific questions
which relators assert were not asked at the first deposition. Following a hearing on August
21, 2003, the trial court denied relators' motion to reinstate the second deposition and to
reconsider exclusion of their expert. 

 By their two issues, relators inquire (1) where a treating physician may be excluded
from testifying as to the injuries presented by his patients and describing the nature and
extent of those injuries, whether the physician's treatment for those injuries were
reasonable and necessary and whether the financial charges made for the services were
reasonable and necessary, and (2) whether a party is precluded from re-deposing its own
expert witness when the opposing party does not prove that the expert is affirmatively
disqualified, but only shows that there has been a failure to establish in the record the
qualifications of the expert. Before we commence our analysis, we first set out the
applicable standard of review. 

Standard of Review


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Also the relator has the burden to present
the appellate court with a record sufficient to establish the right to mandamus. Id. at 837. 
Delay, inconvenience, or expense of an appeal does not constitute the absence of an
adequate remedy by appeal, but instead

 the relator must establish the effective denial of a reasonable opportunity to
develop the merits of his or her case, so that the trial would be a waste of
judicial resources. . . . Similarly, a denial of discovery going to the heart of
a party's case may render the appellate remedy inadequate.


Walker, 827 S.W.2d at 843. 

 We commence our analysis by focusing our attention on the rule that mandamus 
is available only if relators have demonstrated that they have no adequate remedy by
appeal. By their motion to reinstate and to reconsider order, among other things, relators
contended: 

 2. [t]he exclusion of Dr. Townsend as an expert witness is not the result of an
affirmative showing that he is disqualified to testify as an expert; rather the
record before the Court was that there has not been an affirmative showing
of a proper predicate for his qualifying as an expert in this case.

 3. The purpose of this second deposition is to establish that indeed there
existed . . . sufficient legal and factual basis for Dr. Townsend to testify as an
expert for the plaintiff . . .


but that his expert status was denied because of the failure of the record to affirmatively
demonstrate a proper scientific basis for his opinions or that the appropriate questions were
not asked, and that the reason he did not so testify in his original video deposition was that
he was not asked.

 By their petition here, relators present similar arguments, asserting:


 Dr. Townsend's status as an expert was denied because of a failure
to affirmatively demonstrate a proper scientific basis for his opinions.
That failure was not the result of affirmatively demonstrating the lack
of such basis; it was the result of a failure to ask the proper questions
to elicit such proper scientific basis.
 Dr. Townsend was never asked the medical or scientific standard
upon which he based his opinions. Had he been asked, he would
have testified that he based his opinions on "reasonable medical
probability." 
 The reason he did not so testify in his original deposition was that he
was not asked. 



Relators argue that when the "qualification barrier" has been met, Dr. Townsend may 
testify as to his opinion concerning the diagnosis, causation, etc. Then, they conclude that
to block the deposition was an abuse of discretion by the trial court. 

 The two orders of the trial court in the underlying proceeding do not preclude
relators' exercise of other means of discovery. See, e.g., Tex. R. Civ. P. 199.1(b), 200. 
Accordingly, relators have failed to establish the effective denial of a reasonable opportunity
to develop the merits of their case. Therefore, they have not met the second test of
Walker, 827 S.W.2d at 843, and have not shown a lack of an adequate remedy by law. 

 Accordingly, relators' petition for writ of mandamus is denied. 


 Per Curiam


Johnson, C.J., not participating.



se" Name="Revision"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0291-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 FEBRUARY 1, 2011



 



 

 

JOE PAUL MEE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 43RD DISTRICT
COURT OF TARRANT COUNTY;

 

NO. 1193427D; HONORABLE RUBEN GONZALEZ, JUDGE



 

 



 

 

Before QUINN, C.J., and HANCOCK and
PIRTLE, J.J.

 

MEMORANDUM OPINION

 

            Appellant, Joe
Paul Mee, was convicted by a jury of theft enhanced to a state jail felony due
to two or more prior theft convictions[1] and further enhanced to a
second-degree felony by two other prior felony convictions.[2]  He was sentenced to eleven years confinement.  On appeal, Appellant asserts the State's
evidence of the two convictions supporting enhancement to a second-degree
felony is legally and factually insufficient.[3]   The State concurs and confesses error.  We reverse the trial court's judgment on
punishment and remand for a new trial on that issue.

Analysis

            To establish that a defendant has
been convicted of a prior offense, the State must prove beyond a reasonable
doubt that (1) a prior conviction exists, and (2) the defendant is linked to
that conviction.  Flowers v. State, 220 S.W.3d 919, 921
(Tex.Crim.App. 2007).  We have
read the record and, other than introducing two documents establishing that a
person named Joe Paul Mee was convicted of two prior felonies, the State
offered no evidence at the punishment hearing to link Appellant to the prior
convictions.  Accordingly, we agree with
Appellant and the State that the evidence supporting enhancement to a
second-degree felony is legally insufficient. 
See Beck v. State, 719 S.W.2d
205, 210 (Tex.Crim.App. 1986) (certified copy of judgment and sentence normally
insufficient standing alone to prove prior convictions even if name on judgment
is the same as that of the defendant who is on trial).  

            Appellant asks that we vacate his
present sentence and remand the case for sentencing in accordance with the
range of punishment for a state jail felony. 
That we cannot do.  Bell v. State, 994 S.W.2d 173, 175
(Tex.Crim.App. 1999) (court of appeals erred by reforming judgment when "it
would not violate federal double jeopardy principles to allow the State 'a
second chance to present its proof of the prior burglary conviction'") (quoting
Monge v. California, 524 U.S. 721,
118 S.Ct. 2246, 141 L.Ed.2d 615 (1988)). 
See Barnes v. State, 70 S.W.3d
294, 303 (Tex.App.--Fort Worth 2002, pet. ref'd).           

Conclusion

Accordingly, we sustain Appellant's issues, affirm the trial court's
judgment of conviction, but we reverse the trial court's judgment on punishment
and remand the cause for a new punishment trial because the error identified by
Appellant relates to punishment only. 
See Tex. R. App. P. 43.2(d); Tex. Code Crim. Proc. Ann. 44.29(b) (West
Supp. 2010); Meineke v. State, 171
S.W.3d 551, 557 (Tex.App.Houston [14th Dist.] 2005, pet. ref'd).  See
also Braun v. State, No. 02-00008-13-CR, 2009 Tex. App. LEXIS 1510, at
*10-11, *16 (Tex.App.--Fort Worth Mar. 5, 2009, pet. ref'd) (mem. op. not
designated for publication); Jordan v.
State, No. 02-01-00530-CR, 2003 Tex. App. LEXIS 4737, at *6-9
(Tex.App.--Fort Worth June 5, 2003, no pet.) (mem. op. not designated for
publication); Piper v. State, No.
14-99-00649-CR, 2000 Tex. App. LEXIS 7418, at *2-3 (Tex.App.--Houston [14th
Dist.] Nov. 2, 2000, no pet.) (mem. op. not designated
for publication).     

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

Do not publish.











[1]See Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2010).  






[2]See Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2010).






[3]While this appeal was pending, the Court of
Criminal Appeals held that appellate courts were to review the sufficiency of
evidence in a criminal case using only the legal sufficiency standard.  See Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).  Judge Hervey delivered the opinion in Brooks, joined by Judges Keller,
Keasler, and Cochran; and Judge Cochran delivered a concurring opinion, joined
by Judge Womack.  Although we are not
bound by a decision of four judges, Pearson
v. State, 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the
combined opinions of Judges Hervey and Cochran in Brooks as abandoning factual sufficiency as an evidentiary
sufficiency standard of review distinct from legal sufficiency