# NO. 12-14-00231-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD PRESLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Ronald Presley appeals the trial court's judgment nunc pro tunc convicting him of the offense of possession of a prohibited item in a correctional facility. He raises three issues on appeal. We affirm as modified.

### BACKGROUND

An Anderson County grand jury returned a five count indictment against Appellant that alleged he possessed prohibited items in a correctional facility, namely, a cellular phone (count I), a cellular phone battery (count II), a cellular phone charger (count III), and marijuana (counts IV and V). The indictment also contained four enhancement paragraphs that alleged he was an habitual offender. Pursuant to a plea agreement, the State took into consideration counts II, III, IV, and V, waived the enhancement paragraphs, recommended a four year sentence to run consecutively with a particular prior conviction in return for Appellant's plea of guilty to count I. The trial court accepted the plea agreement, found Appellant "guilty," assessed punishment at four years of imprisonment, and ordered the sentence to run consecutively.

More than thirty days after the trial court's judgment became final, the trial court conducted a hearing on the State's motion for judgment nunc pro tunc that sought to change the prior

conviction named in the judgment's cumulation order. The trial court issued a judgment nunc pro tunc as requested. This appeal followed.

**JUDGMENT NUNC PRO TUNC**

In his first issue, Appellant argues that the trial court abused the nunc pro tunc procedure by entering a new judgment to correct an error, if any, that was the product of judicial reasoning. The State contends that the judgment nunc pro tunc correctly reflects the sentence pronounced and statutorily mandated.

**Standard of Review**

A judgment nunc pro tunc is the vehicle by which a trial court is permitted to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *See Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012) (citing *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007)). The correction must reflect the judgment actually rendered, and may not be used to reflect what the trial court believes should have occurred in the original proceeding. *See Blanton*, 369 S.W.3d at 898; *In re Hancock*, 212 S.W.3d 922, 928 (Tex. App.—Fort Worth 2007, no pet.) ("A correction in a judgment nunc pro tunc 'can be only as to what was done and not as to what should have been done.'") (citations omitted).

A judgment nunc pro tunc is improper if it has the effect of making a new or independent order, and may not be used to modify or add provisions to a previously entered order. *Id.* at 927; *Smith v. State*, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.) (citations omitted). Corrections are limited to clerical errors and are not appropriate to correct a judicial error. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); *State v. Gobel*, 988 S.W.2d 852, 853 (Tex. App.—Tyler 1999, no pet.). The nature of the error determines whether it is clerical or judicial, and it matters not who made the error. *See Gomez v. State*, No. 12-13-00050-CR, 2015 WL 303095, at *10 (Tex. App.—Tyler 2015, pet. filed) (not yet released for publication); *Smith*, 15 S.W.2d at 299. Whether a judgment contains a clerical or judicial error is a question of law, which we review de novo. *See Blanton*, 369 S.W.3d at 898; *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).

**Applicable Law**

Article 42.08(b) of the code of criminal procedure provides as follows:

If a defendant is sentenced for an offense committed while the defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2014). The legislative intent behind Article 42.08(b) is one of deterrence and punishment. *See Basden v. State*, 897 S.W.2d 319, 321 (Tex. Crim. App. 1995) ("The obvious intent of Article 42.08(b) is to deter inmates from committing crimes during their incarceration and to more harshly punish those inmates who are not deterred."). To effectuate this intent, the legislature imposed a mandatory duty upon trial courts to cumulate a defendant's sentence when he commits an offense while an inmate. *See id.*; *see also Bell v. State*, 994 S.W.2d 173, 174 (Tex. Crim. App. 1999); *Brinkley v. State*, 320 S.W.2d 855, 856 (Tex. Crim. App. 1958) ("'Must' and 'shall' are synonymous and are usually mandatory when used in statutes.").

In distinguishing between clerical and judicial errors, the court of criminal appeals has held that a trial court's failure to carry out a mandatory duty results in a clerical error and is not a product of judicial reasoning. *See State v. Ross*, 953 S.W.2d 748, 752 n.5 (Tex. Crim. App. 1997) (citations omitted). This is because, as the court explained, when a trial court has no discretion in a matter, no judicial reasoning is required and thus, the failure to comply with the mandatory duty is a clerical error. *See id.* at 752 n.5. This analysis is consistent with the court's holding in *State v. Bates*, where the court explained that a clerical error is one that does not result from any judicial reasoning or determination. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Alvarez*, 605 S.W.2d at 617. A clerical error also occurs when a signed judgment inaccurately reflects the true decision of the court. *See Tex. Dep't of Public Safety v. Moore*, 51 S.W.3d 355, 358 (Tex. App.— Tyler 2001, no pet.).

An error is judicial when it is made in rendering judgment. *See id.* A judicial error is evident when the record is devoid of any indication that the order was mistakenly or inadvertently signed by the trial court. *See Ex parte Madding*, 70 S.W.3d 131, 137 (Tex. Crim. App. 2002) (Holcomb, J., concurring) (citing *Smith*, 15 S.W.3d at 300).

**Discussion**

During the guilty plea hearing, the trial court stated, "Having found you guilty of that offense in count one, I will follow the agreement, sentence you to four years with credit from October 11,

2012[,] to today's date, and it will run consecutive to any other sentence that you're currently serving." The trial court admitted the plea agreement as State's exhibit one. The cumulation order contains the same prior conviction specified in the plea agreement.

During the hearing on its motion for judgment nunc pro tunc, the prosecutor explained that after judgment was entered, she learned the prior conviction named in the judgment and plea agreement was "not a stackable offense." She maintained that the only error was that the cause number needed to be changed because Appellant had only one prior conviction for aggravated assault with a deadly weapon. The prosecutor further argued, "the law is clear, and it's understandable that we stack on the offense that—the sentence that is being served at the time the new offense is committed." Defense counsel argued that the proposed change did not constitute a clerical error and would ultimately change the terms of the plea bargain. The trial court determined the judgment contained a clerical error and changed the cumulation order to read that Appellant's sentence "shall run consecutively to the sentence assessed in Cause No. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas wherein the Defendant was convicted of the offense of Aggravated Assault (Deadly Weapon)."

The parties and the trial court appear to have believed that a specific prior conviction must be described in the judgment in order to cumulate Appellant's sentence. But when a defendant has multiple prior convictions and Article 42.08(b) applies, there is no need to determine which prior conviction should be named in the cumulation order.

In *Bell v. State*, the court of criminal appeals addressed whether cumulating sentences pursuant to Article 42.08(b) required the same amount of proof as required by Article 42.08(a).[1] *See Bell*, 994 S.W.2d at 174. The court held that it did not, and in explaining its reasoning, quoted the State's brief with approval. *Id.* at 174. Among the arguments the court agreed with was the

---

[1] Article 42.08(a) provides, in pertinent part, that

> [w]hen the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly[.]

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2014). Cumulation under this provision requires record evidence of the prior conviction and that the defendant was the person convicted. *See Bell v. State*, 994 S.W.2d 173, 174 (Tex. Crim. App. 1999).

State's assertion that when a cumulation order is made pursuant to Article 42.08(b), the TDCJ "will necessarily be aware of both (1) the fact that the defendant was an inmate at the time he committed the offense; and (2) the specifics regarding the sentence for which the defendant was serving at the time." *See id.* at 175. Thus, the court's approval of the State's argument in *Bell* suggests that the TDCJ already has the information it needs to calculate an inmate's time when he is convicted of committing an offense while serving time for another offense. *See generally id.*

In *Coleman v. State*, this court construed the words "original sentence" as contained in Article 42.08(b) to mean "*any* sentence that the inmate is presently serving or *any* sentence that a given defendant has received." *Coleman v. State*, 898 S.W.2d 327, 329 (Tex. App.—Tyler 1993), *aff'd sub nom.*, *Basden v. State*, 897 S.W.2d 319 (Tex. Crim. App. 1995). In affirming this court's holding in *Coleman*, the court held that Article 42.08(b) should be interpreted "in such a way that its provisions act as a deterrent to the commission of a subsequent prison offense and adequately punish the commission of the prior prison offense." *See Basden*, 897 S.W.2d at 322.

Based upon our reading of *Bell*, *Basden*, and *Coleman* together, we hold that a sentence under Article 42.08(b) never runs concurrently with any other sentence. *See Bell*, 994 S.W.2d at 175; *Basden*, 897 S.W.2d at 321; *Coleman*, 898 S.W.2d at 329. We further hold that when Article 42.08(b) applies, the trial court need not specify the prior conviction on which a defendant's sentence is to be cumulated under Article 42.08(b) because that information will be known by the TDCJ. *See Bell*, 994 S.W.2d at 175.

In his brief, Appellant argues that the trial court's cumulation of sentences requires a judicial determination, and thus, the trial court's modification of the order was an acknowledgement of a judicial error. But the authorities Appellant cites to support his contention were not applying Article 42.08(b). *See generally State v. Schmitt*, No. 05-10-00337-CR, 2011 WL 1126044 (Tex. App.—Dallas 2011) (mem. op., not designated for publication), *aff'd*, PD-0594-11, 2012 WL 3996813 (Tex. Crim. App. 2012); *Massey v. State*, No. 01-88-00862-CR, 1989 WL 31979 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (not designated for publication).

Here, the trial court cumulated Appellant's sentence during its pronouncement. Neither the original judgment nor the judgment nunc pro tunc reflect that pronouncement. Thus, both judgments contain clerical errors. *See Alvarez*, 605 S.W.2d at 617; *Moore*, 51 S.W.3d at 358.

**Conclusion**

The trial court did not err in determining that the original judgment contained a clerical error because the trial court did not, and was not required to, specify the prior conviction on which Appellant's sentence was to be cumulated. However, the trial court's judgment nunc pro tunc also failed to accurately reflect its oral pronouncement. *See Alvarez*, 605 S.W.2d at 617. Accordingly, the judgment nunc pro tunc should be modified to conform to the trial court's oral pronouncement.

We sustain Appellant's first issue in part because the trial court erred by specifying a different prior conviction in its cumulation order, but overrule it in part because the cumulation order in the original judgment did in fact contain a clerical error.

## APPELLANT'S REMAINING ISSUES

In his second issue, Appellant contends the State improperly circumvented the direct appellate review process in favor of the nunc pro tunc procedure. Because the error was clerical, the State did not improperly circumvent the direct appellate review process. *See In re Hancock*, 212 S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, no pet.) ("A judgment nunc pro tunc can be entered at any time[.]"). Accordingly, we overrule Appellant's second issue.

In his third issue, Appellant asserts the State was estopped from petitioning the district court to enter a judgment nunc pro tunc that would effectively amend a material term of the plea bargain agreement upon which he detrimentally relied.

When Article 42.08(b) applies, the sentence of the subject offense will never run concurrently with any other sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(b). This court's modification of the judgment nunc pro tunc reflects the trial court's pronouncement, which complied with Article 42.08(b). By pleading guilty to an offense committed while serving a sentence as an inmate, Appellant was aware that his sentence could not run concurrently. *See id.* The State was not estopped from having the trial court enter the judgment nunc pro tunc. We overrule Appellant's third issue.

## DISPOSITION

Having sustained Appellant's first issue in part, and having overruled his second and third issues, we *modify* the judgment nunc pro tunc to remove "the sentence assessed in cause no. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas

6

wherein the defendant was convicted of the offense of Aggravated Assault (Deadly Weapon)," and replace it with "any other sentence that Ronald Presley is currently serving." *See* **Rawlins v. Rawlins**, 324 S.W.3d 852, 857–58 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (affirming judgment nunc pro tunc as modified). We *affirm* the trial court's judgment nunc pro tunc *as modified*.

**BRIAN HOYLE**
Justice

Opinion delivered June 17, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 17, 2015

### NO. 12-14-00231-CR

**RONALD PRESLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 31089)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's nunc pro judgment below be **modified as follows:**

> **remove** "the sentence assessed in cause no. F88-86965-JL, State vs. Ronnie Presley, in the Criminal District Court No. 5 of Dallas County, Texas wherein the defendant was convicted of the offense of Aggravated Assault (Deadly Weapon)," and **replace** it with "any other sentence that Ronald Presley is currently serving."

**and as modified**, the trial court's judgment nunc pro tunc is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8