**The STATE of Texas, Appellant,**

**v.**

**Steven Lawrence CAGLE, Appellee.**

No. 14–01–00936–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 14, 2002.

Cynthia Russell Henley, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and EDELMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

■ The State of Texas appeals the trial court's order suppressing all evidence that would show that an assault for which appellee, Steven Lawrence Cagle, was previously convicted was committed on a member of his household.[1] We reverse and remand.

## Background

■ Appellee is charged in the present case with assault of a family member. To elevate this alleged offense to a third degree felony,[2] the indictment includes an enhancement allegation that appellee was previously convicted of an assault on a household member. Appellee filed a "plea in bar" requesting the trial court to suppress any evidence showing that his prior assault conviction was against a household member (the "evidence") because the judgment for the prior conviction does not include an affirmative finding of family violence[3] or any other indication that the assault was committed against a member

1. The order is appealable because it effectively negates the enhancement paragraph of the current felony indictment and thus the felony indictment itself because the offense would be a misdemeanor without the enhancement. *See* TEX. PEN.CODE ANN. § 22.01(b)(2) (Vernon Supp.2002) (elevating second assault on family member from misdemeanor to felony offense); TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.2002) (allowing the State to appeal an order in a criminal case that dismisses all or part of an indictment); *State v. Moreno*, 807 S.W.2d 327, 332–333 (Tex.Crim.App.1991) (holding that article 44.01(a)(1) allows the State to appeal any order that has the effect of terminating a prosecution in favor of the defendant, regardless of the label attached to the defendant's motion or the trial court's ruling). Although the State may also appeal an order granting a motion to suppress, it failed in this case to provide the required certification that the appeal was not taken for delay and that the suppressed evidence is of substantial importance to the case. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5); *State v. Riewe*, 13 S.W.3d 408, 411 (Tex.Crim.App.2000) (recognizing that failure by State to provide the required certification deprives appeals court of jurisdiction over appeal).

2. *See* TEX. PEN.CODE ANN. § 22.01(b)(2) (Vernon Supp.2002). A prior assault on a family or household member is a sentence enhancement, rather than an element of the offense, because the operative statutory language is prefaced with the phrase, "if it is shown on the trial of the offense...." *See Wilson v. State*, 772 S.W.2d 118, 121–22 (Tex.Crim.App. 1989) (recognizing that throughout Penal Code, elements of offenses are prefaced with phrase, "a person commits an offense [if]...." whereas sentence enhancements are prefaced by "if it be shown on the trial of....").

3. *See* TEX.CODE CRIM. PROC. ANN. art. 42.013 (Vernon Supp.2002) (in the trial of an offense under Title 5 of the Penal Code, if the trial court determines that the offense involved family violence, as defined by Section 71.01 of the Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case). In the blank for a family violence finding, the prior judgment in this case con-

of his household. The trial judge signed an order (the "order") granting appellee's plea in bar and ordering that the evidence be suppressed because admitting such evidence "would be inconsistent with the [prior judgment] that indicates that a finding of family violence [was] not applicable in said cause."

### Standard of Review

In reviewing a trial court's ruling on a mixed question of law and fact: (1) if the resolution turns on an evaluation of credibility and demeanor, we afford almost total deference to the trial court's finding of fact, viewing the evidence in the light most favorable to the ruling; and (2) we review de novo a resolution that does not turn on an evaluation of credibility. *Jasper v. State*, 61 S.W.3d 413, 419 (Tex.Crim. App.2001).

### Double Jeopardy

The State's sole point of error first challenges the order on the ground that introduction of the evidence does not violate double jeopardy because it does not subject appellee to multiple prosecutions or punishments for his previous offense. Appellee essentially contends that introducing further evidence about the previous offense for the purpose of obtaining an additional fact finding that would give the previous conviction a greater enhancement effect amounts to a second prosecution for that offense.

The prohibition against double jeopardy[4] protects against successive prosecutions or multiple punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727–28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998). However, double jeopardy does not apply to noncapital sentencing enhancements because an enhanced sentence imposed on a persistent offender is not a new jeopardy or an additional penalty for the earlier offense.[5] *Id.* at 728. Therefore, double jeopardy does not prevent the State from having "a second opportunity to present its proof of the prior ... conviction" in a noncapital sentencing proceeding. *Bell v. State*, 994 S.W.2d 173, 175 (Tex.Crim.App.1999) (holding that double jeopardy does not prohibit State in subsequent prosecution from offering proof that appellant was the person convicted in a prior conviction). In this case, because the use of appellee's prior conviction to enhance his punishment in the current prosecution would not constitute a second prosecution or punishment for the prior offense for double jeopardy purposes, evidence relating to his conviction is not subject to exclusion on double jeopardy grounds. Accordingly, we sustain this portion of the State's point of error.

### Collateral Estoppel

The State further contends that collateral estoppel does not require sup-

---

tains a handwritten notation, "N/A," and the printed portion of the form states, "N/A = not available or not applicable."

4. *See* U.S. CONST. amend. V ("Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."); TEX. CONST. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdic-

tion."). The Texas and United States Constitutions provide substantially identical double jeopardy protections. *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex.Crim.App.1997).

5. Rather, sentence enhancements increase a sentence "because of the manner in which the defendant committed the crime of conviction" instead of being additional punishment for a prior act. *Monge*, 524 U.S. at 727–28, 118 S.Ct. 2246.

pression of the evidence because appellee's relationship to the person he assaulted in the prior case was not an ultimate fact in that case, and no finding was made regarding whether the victim was a family or household member. Appellee responds that the notation made on the prior judgment that family violence was "not applicable or not available" was essentially a finding that a family or household relationship between appellee and the victim had not been proved and thus amounted to an acquittal of an assault involving family violence in that case. Therefore, appellee contends the State is collaterally estopped from relitigating whether the previous victim was a family or household member.

■■■■■ Under the doctrine of collateral estoppel, when an issue of ultimate fact has already been determined by a valid and final judgment, then the issue cannot again be litigated between the same parties in any future lawsuits. *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex.Crim.App.1999).[6] In appellee's previous assault case, family violence was not alleged in the information or necessary to the conviction, appellee entered a plea of nolo contendere, and the judgment has "N/A" circled next to family violence, *i.e.*, rather than "Yes" or "No." Under these circumstances, an "N/A" notation cannot be fairly interpreted as an acquittal of a fact for which appellee was not accused and the record reflects that no evidence was offered. Rather, as with the "N/A" notation for a deadly weapon finding on the judgment, the "N/A" notation for family violence can only be interpreted to signify that family violence was simply not an issue in the prior case. Because the relationship between appellee and vic-

tim of the prior assault was not litigated or determined in that prosecution, collateral estoppel does not prevent that issue from being litigated in this case. Therefore, we sustain this portion of the State's issue.

### Due Process

■■■■ Although appellee did not assert due process as a ground for its plea in bar, the reporter's record contains a statement by the trial court, "I think from a due process standpoint, since that code section that was in effect at the time said it shall state whether or not it involved, and judgment is silent, I think from a fundamental standpoint of fairness it's a violation of due process to have to go in and basically potentially relitigate the issue of whether or not that offense involved an act of family violence...." On appeal, appellee contends that allowing the evidence to be introduced would violate his due process rights in that he was not put on notice by the prior conviction that it could be used to elevate a future offense involving a family member to a felony because it reflects no finding of family violence. The State argues that no such due process requirement exists. Appellee has not cited, and we have not found, any case holding that due process requires a judgment to put a defendant on notice that the conviction could be used to enhance the punishment for a future offense. Therefore, the evidence was not subject to exclusion on due process grounds, and this portion of the State's point of error is sustained.

### Sufficiency of the Evidence

■■■■ The briefs of the parties also dispute whether, to elevate a second family assault offense to a felony, a prior assault conviction must affirmatively reflect on the

---

**6.** Collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopar-

dy. *Ashe,* 397 U.S. at 445, 90 S.Ct. 1189.

judgment that it was committed against a family or household member, *i.e.*, rather than merely allowing that fact to be proved in connection with the second conviction.[7] We believe that this issue relates to the sufficiency of a prior judgment as evidence to prove the enhancement fact and/or the relevance of extrinsic evidence of a family/household relationship of a prior victim, depending on whether the prior judgment must reflect a family violence finding. Because neither of these issues was presented to, or decided by, the trial court in connection with the order, they are not properly before us for review. Accordingly, the State's issue is sustained, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings.

---

**7.** *See* Tex. Pen.Code. Ann. § 22.01(b)(2) ("An [assault] offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against: ... (2) a member of the defendant's family or household, if it is shown on the trial of the [second] offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section.").