Opinion issued August 29, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00984-CR

____________


KEVIN MICHAEL COLLESANO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 872,883






O P I N I O N

 Appellant, Kevin Michael Collesano, was charged with assault of a family
member and pleaded: (1) nolo contendere, with an agreed recommendation, to assault
on a member of appellant's household; and (2) not true to the enhancement paragraph
for a previous assault on a member of appellant's household. (1) After finding the
enhancement paragraph true, (2) the trial court deferred the adjudication of appellant's
guilt, placed appellant under conditions of community supervision for five years,
assessed a $400 fine, and granted appellant permission to appeal the denials of the
motions to quash and to exclude relitigation of evidence from a previous conviction.

 Appellant, in four points of error, contends: (1) the trial court erred by denying
his first motion to quash the indictment; (2) the trial court erred by denying his
motion to exclude "re-litigation" evidence; (3) the evidence was legally insufficient
to support the trial court's finding of true to the enhancement paragraph; and (4) the
trial court erred in overruling his second motion to quash the enhancement paragraph. 
We affirm. 

Background

 The enhancement paragraph referred to appellant's conviction in cause number
9701177 in the County Criminal Court at Law No. 4 of Harris County for a Class C
misdemeanor assault. The information in cause number 9701177 did not allege that
appellant assaulted a household or family member, and the trial court did not enter an
affirmative finding of family violence in the judgment in that cause. (3) See Tex. Code
Crim. P. Ann. art. 42.013 (Vernon Supp. 2002) (if offense involves family violence,
trial court shall make affirmative finding of family violence and enter finding in
judgment). Instead, the trial court circled "N/A" in reference to a family-violence
finding. During the plea proceedings, appellant stipulated to the State's summary of
the testimony of the arresting officer in cause number 9701177, which was that the
assault victim in that cause was appellant's wife.

Motion to Quash Enhancement

 In point of error one, appellant contends the trial court erred in denying his
motion to quash the enhancement paragraph of the indictment because the judgment
in cause number 9701177 does not contain an affirmative finding of family violence. 
We disagree.

 We review a trial court's ruling on a motion to quash under an
abuse-of-discretion standard. See Goldsberry v. State, 14 S.W.3d 770, 772 (Tex.
App.--Houston [1st Dist.] 2000, pet. ref'd). A trial court abuses its discretion if it
acts without reference to any guiding rules and principles, or acts in an arbitrary or
unreasonable manner. Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 

 Penal Code section 22.01(b)(2) provides that an assault against a member of
the defendant's family or household is a felony of the third degree if "it is shown on
the trial of the offense that the defendant has been previously convicted of an offense
against a member of the defendant's family or household under this section." (4) Code
of Criminal Procedure article 42.013 provides that "[i]n the trial of an offense under
Title 5, Penal Code, if the court determines that the offense involved family violence,
as defined by Section 71.01, Family Code, the court shall make an affirmative finding
of the fact and enter the affirmative finding in the judgment of the case." Tex. Code
Crim. Proc. Ann. art 42.013 (Vernon Supp. 2002) (emphasis added). The Code
Construction Act provides that "'shall' imposes a duty." Tex. Gov't Code Ann. §
311.016(2) (Vernon 1998). 

 The State relies on the Austin Court of Appeal's decision in State v. Eakins, 71
S.W.3d 443 (Tex. App.--Austin 2002, no pet.), to argue that extrinsic evidence is
allowed to prove appellant's prior conviction for assault committed against a family
or household member. In Eakins, the defendant was charged with assault committed
against a family member. Id. at 443. The defendant's indictment alleged that a
previous assault was committed against a family member, resulting in an upgrade of
punishment (for the current assault charge) from a Class A misdemeanor to a felony
of the third degree. Id.; see also Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon Supp.
2002). 

 In Eakins, the required affirmative finding of family violence was absent. Id. 
However, the State urged that it could prove that the victim of the prior assault was
a family member by extrinsic evidence; namely through the victim's testimony. Id. 
The court framed the issue as follows: "[D]oes article 42.013 preclude the State from
proving the nature of the previous assault in some other manner, as it had necessarily
done previously?" Id. at 444. The court then answered its question by holding "the
absence of an article 42.013 affirmative finding in a judgment of conviction for a
previous assault does not in itself preclude the introduction of extrinsic evidence that
the previous assault was committed against a family member." Id. at 445.

 We agree with Eakins that an article 42.013 affirmative finding of family
violence is not the exclusive means of proving a previous conviction for assault
against a member of the defendant's family or household. Here, the State proved the
identity of the previous assault victim by oral stipulation that the arresting officer (for
the previous assault) would testify that the victim was appellant's wife at the time the
prior offense was committed. 

 It is the better practice for trial courts to make and enter the required family
violence finding in appropriate cases. Id. at 445. However, we hold that the trial
court did not err in denying appellant's first motion to quash his indictment because
"the absence of an article 42.013 affirmative finding in a judgment of conviction for
a previous assault does not in itself preclude the introduction of extrinsic evidence
that the previous conviction assault was committed against a family member." Id. 
Because we conclude that the State's offer of proof, through extrinsic evidence,
established appellant's previous conviction for family assault, we hold that the trial
court did not act without reference to guiding rules and principles, or in an arbitrary
or unreasonable manner. 

 We overrule point of error one. 

Motion to Exclude Re-litigation of Evidence

 In point of error two, appellant argues that the trial court erred by denying his
"Motion to Exclude Re-litigation of Evidence." Appellant specifically contends that,
because the issue of violence against a family or household member was determined
in the prior proceeding, the State is collaterally estopped in this case from attempting
to prove that the earlier case involved the assault of a family member. 

 Texas law does not support appellant's argument. Under the doctrine of
collateral estoppel, when an issue of ultimate fact has already been determined by a
valid and final judgment, then the issue cannot again be litigated between the same
parties in any future lawsuits. Ashe v. Swenson, 397 U.S. 436, 444, 90 S. Ct. 1189,
1194 (1970); Headrick v. State, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999). 

 In Cagle v. State, 77 S.W.3d 344 Tex. App.--Houston [14th Dist.] 2002, no
pet.), the defendant was charged with assault of a family member. Id. at 346. The
defendant's indictment included an enhancement paragraph alleging a prior assault
against a family member. Id. However, because the judgment in the prior case did not
include an affirmative finding of family violence, the trial court granted the
defendant's motion to suppress any evidence showing that the prior assault was
committed against a household member. Id. at 346-47. Reversing the trial court's
decision, the Fourteenth Court of Appeals held that, because the relationship between
the defendant and the victim of the previous assault was not litigated or determined
in the prior prosecution, collateral estoppel did not prevent that issue from being
litigated in the later case. Id. at 348. 

 The information, in Cagle, charging the defendant for a previous assault did
not allege family violence. Cagle, 77 S.W.3d at 348. As a result, the judgment had
a "N/A" circled next to family violence, i.e. rather than "Yes" or "No." Id. Under
these circumstances, an "N/A" notation for family violence could only be interpreted
to signify that family violence was not an issue in the prior case. Id. Therefore, since
the issue had clearly not been litigated, collateral estoppel did not apply. 

 Here, as in Cagle, appellant's information from the prior case does not allege
family violence. Thus, the "N/A" notation on appellant's judgment cannot be
interpreted to mean that family violence was an issue in the prior assault case. We
conclude the trial court did not err by denying appellant's motion to suppress, thus
allowing the State to prove in this case that the prior assault was for family violence. 

 We overrule point of error two. 

Sufficiency of Evidence

 Appellant argues, in point of error three, that the evidence is legally insufficient
to support the trial court's finding of true to the enhancement paragraph. Specifically,
appellant alleges that the State's oral stipulation supporting the enhancement
allegation "fails as proof beyond a reasonable doubt" that his prior assault was
committed against a household member. We disagree. 

 The State is required to prove the allegations in an enhancement paragraph
beyond a reasonable doubt. Williams v. State, 980 S.W.2d 222, 226 (Tex.
App.--Houston [14th Dist.] 1998, pet. ref'd); cf. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979) (reviewing the legal sufficiency of the evidence to
support a criminal conviction, the critical inquiry is whether the evidence in the
record could reasonably support a finding of guilt beyond a reasonable doubt). The
purpose of an enhancement paragraph is to give a defendant notice of the prior
convictions the State intends to use to enhance punishment. Id. However,
enhancement paragraphs need not be pleaded with the same specificity as the primary
offense. Earl v. State, 870 S.W.2d 669, 671 (Tex. App.--Houston [1st Dist.] 1994,
no pet.). 

 The State offered an oral stipulation in support of the enhancement paragraph,
to which appellant agreed without objection. It provided:

 [D]eputy Thomas Swartz with the Harris County Sheriff's Department
was also prepared to present testimony under oath that he's familiar both
with the defendant and his ex-wife and Glori Marshal-I mean Morales. 
And that he was the arresting officer in the underlying family violence
case in trial cause number 9701177 where the defendant was found
guilty of Class C assault. And he would testify that he was familiar with
Miss Marshal [sic] as being the wife of the defendant Kevin Collesano
[appellant] on January 9, 1997. 

 In support of his argument, appellant contends that the State's evidence failed
to establish: (1) that Glori Morales was the same person as named in the 1997
complaint; (2) that appellant was the same person previously convicted for assault;
(3) that Glori Morales was a household member in 1997 (or anytime); (4) that Glori
Morales was the wife of appellant on November 9, 1997 (the date of the prior assault
as listed on appellant's information); and (5) that the date of the prior assault
conviction was accurate (date listed on the judgment-in trial cause number 9701177-
is February 21, 1997, while the date alleged in the enhancement paragraph is March
21, 1997). (5) 

 We first address issues one and two of appellant's offer of proof. It is the rule
that stipulations are reasonably and liberally construed with a view to effectuate the
party's intentions. Bolin v. State, 475 S.W.2d 241, 243 (Tex. Crim. App. 1972). The
trial court, as trier of fact, may draw reasonable inferences and deductions from
stipulated facts. Moore v. State, 981 S.W.2d 701, 705 (Tex. App.--Houston [1st 
Dist.] 1998, pet. ref'd) (citing Yorko v. State, 699 S.W.2d 224, 226 Tex. Crim. App.
1985)).

 Here, the stipulation included testimony that the arresting officer for the 1997
assault was familiar with appellant and Glori Morales, and that Morales was
appellant's wife on January 9, 1997 (date which the State claims the prior assault was
committed). Thus, viewing the evidence in the light most favorable to the verdict, we
conclude that the trial court, as trier of fact, could reasonably deduct that appellant
and Morales were the same people involved in the 1997 assault. 

 We now turn to issues three, four, and five of appellant's offer of proof. It is
well settled that a defendant has the right to notice of acts he is alleged to have
committed. See Daniels v. State, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988). The
text of the indictment must provide, in plain and intelligible language, information
upon which a defendant may prepare his defense. See State v. Mays, 967 S.W.2d 404,
406 (Tex. Crim. App. 1998); Tex. Code Crim. Proc. Ann. art. 21.11 (Vernon Supp.
2002) (defining sufficiency required in an indictment). If the proof fails to
correspond with the enhancement allegations, the punishment cannot be legally
enhanced. Cole v. State, 611 S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.] 1981). 
However, a variance between the allegations in the indictment (which includes the
enhancement paragraph), and the proof presented at trial is material and fatal only if
the defendant shows surprise or prejudice. Earl v. State, 870 S.W.2d at 671. Absent
proof of prejudicial surprise, a variance will not require reversal. Williams, 980
S.W.2d at 226. 

 A variance is a disagreement or discrepancy between the allegations of the
charging instrument and the State's trial proof. 43 George E. Dix & Robert O.
Dawson, Texas Practice: Criminal Practice and Procedure § 31.151 (2001). 
A variance arises when the State's evidence proves that the defendant committed the
crime as defined in the statute creating it but proves the commission of the crime in
a manner that varies from the specific allegations in the charging instrument. Id. 

 We hold that issues three, four, and five of appellant's offer of proof comprise
a class of variances. After considering all the evidence, we conclude appellant has
offered no evidence to show surprise or prejudice, and thus he fails to show grounds
for reversal. Williams, 980 S.W.2d at 226. 

 We overrule point of error three. 

Second Motion to Quash Enhancement

 Appellant, in point of error four, argues that the trial court erred by denying his
second motion to quash the enhancement paragraph of his indictment. Because the
complaint and information in trial cause number 9701177 (appellant's prior assault
case) alleged that the assault occurred on November 9, 1997, (6) but the plea and
judgment were entered on February 21, 1997 (eight months earlier), appellant
contends that his judgment was void. (7) 

 A defect of substance in a charging instrument does not automatically render
a judgment void. Ex parte Patterson, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998). 
An indictment or information flawed by a defect of substance, but which purports to
charge an offense, is not fundamentally defective and, in the absence of a pretrial
objection, will support a conviction. Id. at 19; Thompson v. State, 44 S.W.3d 171,
176, (Tex. App.--Houston [14th Dist.] 2001, no pet.). Here, appellant's prior
complaint and information charged him with assault on or about November 9, 1997,
while his plea and judgment were entered on February 21, 1997. Appellant concedes
that he did not object to the defect (impossible date) in the indictment (now used for
enhancement purposes) before his trial began in 1997. Accordingly, appellant has
waived his right to object on appeal. See Tex. Code Crim. Proc. art. 1.14(b)
(Vernon Supp. 2002). We conclude the trial court did not err in denying appellant's
second motion to quash the indictment. 

 We overrule point of error four. 





Conclusion

 We affirm the trial court's judgment.


Sherry J. Radack

Justice


Panel consists of Justices Nuchia, Radack, and Price. (8)

Do not publish. Tex. R. App. Proc. 47.
1. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2002). 
2. The effect of the enhancement paragraph was to upgrade the punishment from
a Class A misdemeanor to a felony of the third degree. Tex. Pen. Code Ann.
§ 22.01(b)(2) (Vernon Supp. 2002). The trial court denied appellant's motions
to quash the enhancement paragraph of the indictment and to exclude
relitigation of evidence from a previous conviction. 
3. In trial cause number 9701177, appellant pleaded no contest pursuant to a plea
bargain recommendation of a Class C Misdemeanor and $200 fine. 
4. Section 22.01 includes Class C Misdemeanor assault by offensive physical
contact. Tex. Pen. Code. Ann § 22.01(b)(2) (Vernon Supp. 2002). 
5. See Benton v. State, 770 S.W.2d 946 (Tex. App.--Houston [1st Dist.] 1989, 
pet. ref'd) (citing Thompson v. State, 563 S.W.2d 247, 251 (Tex. Crim. App.
1978) for the proposition that a discrepancy between date in the allegation and
the date in the State's proof is not fatal).
6. The information and indictment prepared for appellant's 1997 offense reflect
a process date of January 9, 1997. 
7. For over one hundred years Texas courts held that defects of substance
contained in an indictment rendered it "fundamentally defective" and could be
raised at any time. Fisher v. State, 887 S.W.2d 49, 54 (Tex. Crim. App. 1994);
see. e.g., Studer v. State, 799 S.W.2d 263, 266-67 (Tex. Crim. App. 1990). 
However, frustration over the ability of a defendant to raise substantive defects
in the indictment for the first time on appeal led to the passing of an
amendment to the Texas Code of Criminal Procedure, effective December 1,
1985. Fisher, 887 S.W.2d at 54. Prior to the 1985 amendments, an indictment
alleging the date of an offense that was subsequent to date of indictment was
fundamentally defective. Fisher, 887 S.W.2d 49, 62 n.8 (citing Ex Parte
Chance, 601 S.W.2d 356 (Tex. Crim. App. 1980)). However, the Texas Court
of Criminal Appeals has since construed the amendment to article 1.14(b) as
providing that the defects of substance or form contained in an indictment must
be objected to at trial or are waived. Fisher, 887 S.W.2d 49, 54; see Tex.
Code Crim. Proc. art. 1.14(b) (Vernon Supp. 2002).
8. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.