TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00137-CR






Roderick Stoker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 2010840, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



After his "motion to quash indictment and plea to the jurisdiction of the court" was
overruled, appellant Roderick Stoker pleaded guilty to an indictment accusing him of assaulting, and
of having twice before been convicted of assaulting, "a member of [his] family and household." 
Tex. Pen. Code Ann. § 22.01(a), (b)(2) (West Supp. 2003). After accepting the plea and hearing
Stoker's testimony admitting the truth of the indictment's allegations, the district court adjudged him
guilty. (1) As called for in a plea bargain agreement, the court assessed punishment at imprisonment
for four years, suspended imposition of sentence, and placed Stoker on community supervision.

Stoker filed a motion for new trial contending: (1) the evidence was legally
insufficient to sustain the conviction; (2) he was "actually innocent of the charge"; (3) he was denied
effective assistance of trial counsel; (4) the district court did not have jurisdiction; and (5) his
conviction violated several constitutional guarantees. A hearing was held on the motion, at which
Stoker abandoned the actual innocence claim. The district court overruled the motion "in its
entirety" at the conclusion of the hearing. Then, apparently concerned about the abandoned actual
innocence claim, the court granted Stoker a new trial on its own motion and "in the interest of
justice." Two weeks later, the court announced in open court that it had reconsidered its action and
determined that it was without authority to grant a new trial on its own motion.

In his first point of error, Stoker contends the district court erred by "rescinding its
order withdrawing and setting aside appellant's guilty plea and conviction." The court announced
that it was granting Stoker a new trial on its own motion on January 22, 2002, the seventy-fifth day
after sentence was suspended. Stoker argues that the court could not thereafter rescind the order and
reinstate the conviction. See Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998)
(trial court's authority to rescind order granting or denying motion for new trial expires seventy-six
days after sentence is imposed or suspended); see also Tex. R. App. P. 21.8 (court must rule on
motion for new trial within seventy-five days after imposing or suspending sentence). While we
agree with Stoker that the district court could not rescind an order granting a new trial after January
22, the district court also recognized this and did not purport to do so. Instead, the court merely
announced its conclusion that the January 22 order was unauthorized and void. Stoker also
challenges this conclusion, and it is to this question we now turn.

The appellate rules specify certain grounds for which a motion for new trial must be
granted, but a trial court has the discretion to grant a motion for new trial on other grounds in the
interest of justice. State v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993); see Tex. R.
App. P. 21.3 (grounds for new trial). A trial court may not, however, grant a new trial on its own
motion. Dugard v. State, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985). Stoker seeks to avoid the
application of Dugard by characterizing the January 22 order as one withdrawing his guilty plea
rather than as one granting a new trial. Under the circumstances presented, this is a distinction
without a difference. See State v. Evans, 843 S.W.2d 576, 577-78 (Tex. Crim. App. 1992) (post-trial
motion to withdraw plea was functionally indistinguishable from motion for new trial, and was
properly treated as such). The district court correctly concluded that its order purporting to grant
Stoker a new trial on its own motion was void. Point of error one is overruled.

In point of error ten, Stoker contends the district court erred by overruling his pretrial
motion to quash and plea to the jurisdiction on the ground that the judgments in the two previous
assault convictions alleged pursuant to section 22.01(b)(2) did not contain affirmative findings that
the cases involved family violence. See Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2003)
(family violence finding). (2) He makes the same contention in point of error eleven with regard to the
overruling of his motion for new trial.

A similar contention was presented to this Court in State v. Eakins, 71 S.W.3d 443
(Tex. App.--Austin 2002, no pet.), another prosecution for felony family violence assault. In that
case, the district court granted the defendant's motion to suppress all evidence that he had previously
been convicted of assaulting a family member on the ground that the judgment in the previous case
did not contain an article 42.013 finding. Id. at 444. The court reasoned that the admission of
extrinsic evidence that the earlier conviction involved family violence would constitute a collateral
attack on the previous judgment. Id. at 445. We found this reasoning unpersuasive and held that
in a prosecution pursuant to section 22.01(b)(2), the absence of an article 42.013 affirmative finding
in a previous judgment of conviction for assault does not preclude the introduction of extrinsic
evidence that the previous assault was committed against a family member. Id.

The indictment in this cause alleged two previous assault convictions involving
offenses against a member of Stoker's family and household. This was sufficient to allege a felony
pursuant to section 22.01(b)(2) and vest jurisdiction in the district court. The absence of family
violence findings in the earlier judgments did not preclude extrinsic proof of this fact at Stoker's trial
and thus did not divest the district court of jurisdiction. Points of error ten and eleven are overruled.

In points of error two and three, Stoker contends the district court erred by overruling
his pretrial motion to quash and plea to the jurisdiction on the ground that the State was barred by
double jeopardy principles from relitigating the issue of family violence with respect to his previous
assault convictions. He cites both the United States and Texas constitutions, but does not argue that
they differ in any relevant respect. See U.S. Const. amend. V; Tex. Const. art. I, § 14. 

Double jeopardy does not apply to noncapital sentencing enhancements because an
enhanced sentence imposed on a persistent offender is not a new jeopardy or an additional penalty
for the earlier offense. See Monge v. California, 524 U.S. 721, 728 (1988); Bell v. State, 994 S.W.2d
173, 175 (Tex. Crim. App. 1999). Using Stoker's previous family violence assault convictions to
enhance his punishment in this cause did not constitute a retrial or additional penalty for the earlier
offenses. State v. Cagle, 77 S.W.3d 344, 347 (Tex. App.--Houston [14th Dist. 2002, pet. ref'd). 
Nor did the use of his previous convictions violate the collateral estoppel component of double
jeopardy. See Ashe v. Swenson, 397 U.S. 436, 443 (when issue of ultimate fact has been determined
by valid and final judgment, it cannot be relitigated between same parties). The absence of a family
violence finding in the previous assault judgments did not necessarily mean that the issue was
determined against the State at the earlier trials. Eakins, 71 S.W.3d at 445. In fact, Stoker states that
family violence was not an issue at the earlier trials. If that is true, and if the relationship between
Stoker and the victims of the earlier assaults was not litigated at the earlier trials, collateral estoppel
did not prevent that issue from being litigated in the present case. See Cagle, 77 S.W.3d at 348. 
Points of error two and three are overruled.

Stoker's remaining points of error are not properly before us because they neither
assert jurisdictional defects nor were raised by pretrial motion, and because Stoker's notice of appeal
did not state that he had the trial court's permission to raise other issues. See Tex. R. App. P.
25.2(b)(3), 60 Tex. B.J. 434 (Tex. Crim. App. 1997, repealed 2003). In points of error four and five,
Stoker makes the same double jeopardy arguments he made in points two and three, but with regard
to the overruling of his motion for new trial. In point of error six, Stoker contends the district court
erred by overruling his motion for new trial on the ground that the State waived a family violence
finding in Travis County cause number 458093, the second of the two previous assault convictions
alleged pursuant to section 22.01(b)(2), as part of a plea bargain. (3) In points of error seven, eight, and
nine, Stoker contends the district court erred by overruling his motion for new trial on the ground
that the use of his previous family violence assault convictions in this cause violated the
constitutional guarantees against ex post facto and retroactive laws. See U.S. Const. art. I, § 9; Tex.
Const. art. I, § 16. Points of error four through nine are dismissed.

The judgment of conviction is affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 21, 2003

Do Not Publish

1. The guilty plea proceeding was before the Honorable Tom Blackwell. Pre- and post-trial
proceedings were before the Honorable Frank W. Bryan, Jr., who also signed the judgment of
conviction.
2. The judgment of conviction in Travis County cause number 454658, one of the two previous
assault convictions, states that Stoker was found guilty of "assault - family violence." We will
assume, as Stoker contends, that this does not constitute an affirmative finding of family violence. 
See State v. Eakins, 71 S.W.3d 4443, 444 n.1 (Tex. App.--Austin 2002, no pet.).
3. Section 22.01(b)(2) requires only one previous family violence assault conviction.