# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00137-CR

**Roderick Stoker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 2010840, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

After his Amotion to quash indictment and plea to the jurisdiction of the court@ was overruled, appellant Roderick Stoker pleaded guilty to an indictment accusing him of assaulting, and of having twice before been convicted of assaulting, Aa member of [his] family and household.@ Tex. Pen. Code Ann. ' 22.01(a), (b)(2) (West Supp. 2003). After accepting the plea and hearing Stoker=s testimony admitting the truth of the indictment=s allegations, the district court adjudged him guilty.[1] As called for in a plea bargain agreement, the court assessed punishment at imprisonment for four years, suspended imposition of sentence, and placed Stoker on community supervision.

---

[1] The guilty plea proceeding was before the Honorable Tom Blackwell. Pre- and post-trial proceedings were before the Honorable Frank W. Bryan, Jr., who also signed the judgment of conviction.

Stoker filed a motion for new trial contending: (1) the evidence was legally insufficient to sustain the conviction; (2) he was Aactually innocent of the charge@; (3) he was denied effective assistance of trial counsel; (4) the district court did not have jurisdiction; and (5) his conviction violated several constitutional guarantees. A hearing was held on the motion, at which Stoker abandoned the actual innocence claim. The district court overruled the motion Ain its entirety@ at the conclusion of the hearing. Then, apparently concerned about the abandoned actual innocence claim, the court granted Stoker a new trial on its own motion and Ain the interest of justice.@ Two weeks later, the court announced in open court that it had reconsidered its action and determined that it was without authority to grant a new trial on its own motion.

In his first point of error, Stoker contends the district court erred by Arescinding its order withdrawing and setting aside appellant=s guilty plea and conviction.@ The court announced that it was granting Stoker a new trial on its own motion on January 22, 2002, the seventy-fifth day after sentence was suspended. Stoker argues that the court could not thereafter rescind the order and reinstate the conviction. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998) (trial court=s authority to rescind order granting or denying motion for new trial expires seventy-six days after sentence is imposed or suspended); *see also* Tex. R. App. P. 21.8 (court must rule on motion for new trial within seventy-five days after imposing or suspending sentence). While we agree with Stoker that the district court could not rescind an order granting a new trial after January 22, the district court also recognized this and did not purport to do so. Instead, the court merely announced its conclusion that

the January 22 order was unauthorized and void. Stoker also challenges this conclusion, and it is to this question we now turn.

The appellate rules specify certain grounds for which a motion for new trial must be granted, but a trial court has the discretion to grant a motion for new trial on other grounds in the interest of justice. *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993); *see* Tex. R. App. P. 21.3 (grounds for new trial). A trial court may not, however, grant a new trial on its own motion. *Dugard v. State*, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985). Stoker seeks to avoid the application of *Dugard* by characterizing the January 22 order as one withdrawing his guilty plea rather than as one granting a new trial. Under the circumstances presented, this is a distinction without a difference. *See State v. Evans*, 843 S.W.2d 576, 577-78 (Tex. Crim. App. 1992) (post-trial motion to withdraw plea was functionally indistinguishable from motion for new trial, and was properly treated as such). The district court correctly concluded that its order purporting to grant Stoker a new trial on its own motion was void. Point of error one is overruled.

In point of error ten, Stoker contends the district court erred by overruling his pretrial motion to quash and plea to the jurisdiction on the ground that the judgments in the two previous assault convictions alleged pursuant to section 22.01(b)(2) did not contain affirmative findings that the cases involved family violence. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2003) (family violence finding).[2] He makes the same contention in point of error eleven with regard to the overruling of his motion for new trial.

---

[2] The judgment of conviction in Travis County cause number 454658, one of the two previous

**3**

---

assault convictions, states that Stoker was found guilty of Aassault B family violence.@ We will assume, as Stoker contends, that this does not constitute an affirmative finding of family violence. *See State v. Eakins*, 71 S.W.3d 4443, 444 n.1 (Tex. App.CAustin 2002, no pet.).

**4**

A similar contention was presented to this Court in *State v. Eakins*, 71 S.W.3d 443 (Tex. App.CAustin 2002, no pet.), another prosecution for felony family violence assault. In that case, the district court granted the defendant=s motion to suppress all evidence that he had previously been convicted of assaulting a family member on the ground that the judgment in the previous case did not contain an article 42.013 finding. *Id*. at 444. The court reasoned that the admission of extrinsic evidence that the earlier conviction involved family violence would constitute a collateral attack on the previous judgment. *Id*. at 445. We found this reasoning unpersuasive and held that in a prosecution pursuant to section 22.01(b)(2), the absence of an article 42.013 affirmative finding in a previous judgment of conviction for assault does not preclude the introduction of extrinsic evidence that the previous assault was committed against a family member. *Id*.

The indictment in this cause alleged two previous assault convictions involving offenses against a member of Stoker=s family and household. This was sufficient to allege a felony pursuant to section 22.01(b)(2) and vest jurisdiction in the district court. The absence of family violence findings in the earlier judgments did not preclude extrinsic proof of this fact at Stoker=s trial and thus did not divest the district court of jurisdiction. Points of error ten and eleven are overruled.

In points of error two and three, Stoker contends the district court erred by overruling his pretrial motion to quash and plea to the jurisdiction on the ground that the State was barred by double jeopardy principles from relitigating the issue of family violence with respect to his previous assault convictions. He cites both the United States and Texas constitutions, but does not argue that they differ in any relevant respect. *See* U.S. Const. amend. V; Tex. Const. art. I, ' 14.

5

Double jeopardy does not apply to noncapital sentencing enhancements because an enhanced sentence imposed on a persistent offender is not a new jeopardy or an additional penalty for the earlier offense. *See Monge v. California*, 524 U.S. 721, 728 (1988); *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999). Using Stoker=s previous family violence assault convictions to enhance his punishment in this cause did not constitute a retrial or additional penalty for the earlier offenses. *State v. Cagle*, 77 S.W.3d 344, 347 (Tex. App.CHouston [14th Dist. 2002, pet. ref=d). Nor did the use of his previous convictions violate the collateral estoppel component of double jeopardy. *See Ashe v. Swenson*, 397 U.S. 436, 443 (when issue of ultimate fact has been determined by valid and final judgment, it cannot be relitigated between same parties). The absence of a family violence finding in the previous assault judgments did not necessarily mean that the issue was determined against the State at the earlier trials. *Eakins*, 71 S.W.3d at 445. In fact, Stoker states that family violence was not an issue at the earlier trials. If that is true, and if the relationship between Stoker and the victims of the earlier assaults was not litigated at the earlier trials, collateral estoppel did not prevent that issue from being litigated in the present case. *See Cagle*, 77 S.W.3d at 348. Points of error two and three are overruled.

Stoker=s remaining points of error are not properly before us because they neither assert jurisdictional defects nor were raised by pretrial motion, and because Stoker=s notice of appeal did not state that he had the trial court=s permission to raise other issues. *See* Tex. R. App. P. 25.2(b)(3), 60 Tex. B.J. 434 (Tex. Crim. App. 1997, repealed 2003). In points of error four and five, Stoker makes the same double jeopardy arguments he made in points two and three, but with regard to the overruling of his motion for new trial. In point of error six, Stoker contends the district court erred by overruling his motion

for new trial on the ground that the State waived a family violence finding in Travis County cause number 458093, the second of the two previous assault convictions alleged pursuant to section 22.01(b)(2), as part of a plea bargain.[3]  In points of error seven, eight, and nine, Stoker contends the district court erred by overruling his motion for new trial on the ground that the use of his previous family violence assault convictions in this cause violated the constitutional guarantees against ex post facto and retroactive laws. *See* U.S. Const. art. I, ' 9; Tex. Const. art. I, ' 16.  Points of error four through nine are dismissed.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   February 21, 2003

Do Not Publish

---

[3]  Section 22.01(b)(2) requires only one previous family violence assault conviction.

7