Opinion issued June 18, 2009















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00391-CR

____________


KEELAN GORE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1134139




 

MEMORANDUM OPINION

 Appellant, Keelan Gore, appeals a judgment that convicts him for the third
degree felony of second offender assault to a family member. See Tex. Pen. Code
Ann. § 22.01 (Vernon Supp. 2008). Appellant pleaded not guilty to the jury. The
jury found him guilty and determined his sentence at 16 and one half years in prison. 
In five points of error, appellant contends that the evidence is legally and factually
insufficient to support his conviction, and that the trial court erred by not granting his
request to include in the jury charge the lesser offense of misdemeanor assault, by
overruling his Batson challenge during voir dire, and by admitting evidence of
appellant's prior felony convictions to impeach appellant. We conclude the evidence
is legally and factually sufficient. We also conclude the trial court did not err by
refusing the lesser included offense instruction, denying the Batson challenge, and
admitting the prior convictions. We therefore affirm. 

Background

 Appellant dated Shannon Sumpter in the late 1990s, and the couple had a
daughter. Appellant was convicted of kidnapping Sumpter in 2001, for which he was
sentenced to five years in prison. 

 In 2007, appellant was living with his girlfriend of about two years, Kimberly
Rawson. On July 3, 2007, Rawson called 911. Rawson reported that appellant had
assaulted her. Following the 911 call, a police officer arrived at Rawson's residence. 
Rawson told the police officer that appellant became angry when he had to wake
Rawson for her to make him breakfast. She said that appellant grabbed her by the
hair, threw her down on the floor, and started banging her head against the floor. She
also said that appellant kicked her in the face while she was down on the floor. The
officer observed that Rawson was bleeding from her chest and had some blood on her
left ear.

 Rawson was taken to the hospital in an ambulance. Rawson told medical
personnel she had been assaulted. Medical personnel documented that Rawson had
some bruises on her chest and pain in her back. The night of the assault, Rawson
spent the night in a shelter because she had nowhere else to stay.

 After a period of time, Rawson signed an affidavit stating that appellant did not
assault her. Appellant accompanied her to the notary where she swore to truth of the
affidavit. Similar to the affidavit, Rawson testified at trial that appellant did not
assault her. Although she had not mentioned another woman in the affidavit,
Rawson's trial testimony explained, for the first time, that Rawson argued with
appellant after finding him with another woman at their home. At trial, the officer
who responded to the scene testified to what Rawson told him the night he responded
to the call and to the injuries he observed on Rawson. The State also introduced the
statements made during the 911 call. 

 The State's evidence was disputed by Rawson and appellant. Rawson testified
that she lied to the 911 operator, the police officer, and EMS and hospital personnel
about appellant assaulting her. Appellant testified that at the time the officer
responded to Rawson's call, he was suffering from injuries that prevented him from
using his right hand and he also had injuries to his left arm. Appellant said that
Rawson became upset when she found him with another woman, which resulted in
a physical confrontation between Rawson and the other woman. Appellant denied
striking Rawson. Appellant claimed he was injured by Rawson when Rawson threw
an unopened soda can at his face. 

Sufficiency of the Evidence

 Appellant challenges the legal and factual sufficiency of the evidence to sustain
the conviction.

 A. Legal Sufficiency

 In his first point of error, appellant challenges the legal sufficiency of the
evidence by asserting there is no evidence that appellant's prior conviction for
kidnapping was committed against a person with whom the defendant had a dating
relationship. Appellant asserts no legal sufficiency challenge concerning the assault
on Rawson; his challenge concerns only the prior conviction that makes the assault
on Rawson a felony rather than a misdemeanor. 

 In a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The jurors are the exclusive judges of
the facts, the credibility of the witnesses, and the weight to give their testimony. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). A jury is entitled
to accept one version of the facts and reject another, or reject any part of a witness's
testimony. Id. 

 The jury charge instructed that appellant should be found guilty of the felony
assault if the evidence showed beyond a reasonable doubt that he was previously
convicted of kidnapping "against a person with whom the defendant had a dating
relationship." "Dating relationship" was defined in the jury instructions as "a
relationship between individuals who have or have had a continuing relationship of
a romantic or intimate nature." See Tex. Family Code Ann. § 71.0021(b) (Vernon
2008) (emphasis added).

 Viewing the evidence in a light most favorable to the jury's verdict, the
evidence shows appellant was previously convicted for kidnapping Sumpter in 2001. 
Appellant accurately notes that the judgment for the prior conviction states "n/a," in
reference to "Family Violence." However, the State may use extrinsic evidence to
prove family violence when the judgment for a prior conviction uses the term "not
applicable" or "not available" when referring to family violence. See State v. Cagle,
77 S.W.3d 344, 348 (Tex. App.--Houston [14th Dist.] 2002, no pet.). Appellant
acknowledged in his testimony that Sumpter, the person who testified at this trial, was
the same person who he was convicted of kidnapping. Furthermore, Sumpter testified
that while she was dating appellant, he kidnapped her and was charged with that
offense. Sumpter said that she dated appellant for about two years during the late
1990s and that he was the father of her daughter. 

 Viewing the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could have determined beyond a reasonable doubt that
appellant was previously convicted of kidnapping "against a person with whom the
defendant had a dating relationship." See id. We hold the evidence is legally
sufficient. See King, 29 S.W.3d at 562. We overrule the first point of error.

 B. Factual Sufficiency

 In his fifth point of error, appellant contends the evidence is factually
insufficient to prove that appellant assaulted Rawson.

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set aside the verdict only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 

 Appellate courts should afford almost complete deference to a jury's decision
when that decision is based upon an evaluation of credibility. Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008). The jury is in the best position to judge the
credibility of a witness because it is present to hear the testimony, as opposed to an
appellate court who relies on the cold record. Id. The jury may choose to believe
some testimony and disbelieve other testimony. Id. at 707. 

 Appellant challenges the adequacy of the State's proof to show that appellant
hit and kicked Rawson. Appellant refers to Rawson's testimony that her claims of
assault were lies told to the 911 operator, the responding police officer, the
emergency medical personnel, and the hospital personnel. Appellant contends this
evidence corroborates his own testimony that he did not assault her and that Rawson
received her injuries from the woman with appellant, rather than from appellant.

 Appellant's challenges to the factual sufficiency of the evidence are based on
the credibility of witnesses and the weight to give their testimony, issues on which
we must defer to the jury. See id. at 705. Although Rawson and the appellant denied
the assault in their trial testimony, the jury could have reasonably discredited that
testimony based on other evidence admitted at the trial. The jury heard Rawson's
statements and demeanor on the 911 call, as well as the responding officers account
of Rawson's statements and demeanor on the night of the call. Rawson's medical
records were also admitted, which describe how Rawson received the injuries. 
Photos showing visible injuries of Rawson's injuries were provided to the jury. The
jury also heard Rawson spent the night at a homeless shelter. Based on this evidence,
the jury could have reasonably discounted the explanations for the injuries provided
by Rawson and appellant.

 We conclude that, viewed in a neutral light, the evidence tending to prove that
appellant committed felony assault is not so weak as to render the jury's verdict
clearly wrong or manifestly unjust. See Johnson, 23 S.W.3d at 11. We also conclude
that, viewed in a neutral light, the verdict is not against the great weight and
preponderance of the evidence that appellant committed felony assault. See id. We
hold that the evidence is factually sufficient to sustain the jury's guilty verdict. We
overrule appellant's fifth point of error. 

Failure to Give Jury Instruction In his second point of error, appellant contends the trial court erred in failing
to instruct the jury on the lesser included offense of misdemeanor assault. Appellant
contends that because there was insufficient evidence that appellant's prior conviction
for kidnapping was committed against a person with whom he had a dating
relationship, he was entitled to an instruction allowing the jury to convict for the
lesser offense of misdemeanor assault. 

 Upon request, an instruction on a lesser-included offense should be included
in the jury charge only if (1) the requested charge is a lesser-included offense of the
charged offense, and (2) there is some evidence that, if the defendant is guilty, she is
guilty only of the lesser offense. Robalin v. State, 224 S.W.3d 470, (Tex.
App.--Houston [1st Dist.] 2007, no pet.) (quoting Hayward v. State, 158 S.W.3d 476,
478 (Tex. Crim. App. 2005)). The State concedes the first prong is met. 

 Here, the second prong is not met because there is no evidence that, if the
defendant is guilty, he is guilty only of the lesser offense. See Hayward, 158 S.W.3d
at 478. As noted above, the term "dating relationship" includes a relationship
between individuals who have had a continuing relationship of an intimate nature.
See Tex. Family Code Ann. § 71.0021(b). The record undisputedly shows that
appellant was convicted of kidnapping Sumpter, the mother of his child, who he dated
for about two years before the kidnapping. In his testimony, appellant acknowledged
that he pleaded guilty to kidnapping Sumpter. Because the prior conviction for
kidnapping of a person with a dating relationship was undisputed, there is no
evidence that appellant is guilty of the lesser offense only. See Hayward, 158 S.W.3d
at 478. We hold the trial court did not err by refusing to instruct the jury on the lesser
charge of misdemeanor assault. We overrule the second point of error. Batson Challenge

 In his third point of error, appellant contends the trial court erred by overruling
his Batson challenge regarding prospective juror number seven.



 A. Batson Principles

 Using a peremptory challenge to strike a potential juror because of race violates
the equal protection guarantee of the United States Constitution, Batson v. Kentucky,
476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986), as well as article 35.261 of the Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon Supp.
2008). In the face of perceived purposeful discrimination, the defendant may request
a Batson hearing. See id. art. 35.261(a).

 A defendant's Batson challenge to a peremptory strike is a three-step process.
Purkett v. Elem, 514 U.S. 765, 767-68, 115 S. Ct. 1769, 1770-71 (1995); Simpson
v. State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003). The defendant must first make
a prima facie case of racial discrimination, based on the totality of relevant facts about
the prosecutor's conduct during the trial. Miller-El v. Dretke, 545 U.S. 231, 239, 125
S. Ct. 2317, 2324 (2005); Purkett, 514 U.S. at 767, 115 S. Ct. at 1770; Simpson, 119
S.W.3d at 268; see Tex. Code Crim. Proc. Ann. art. 35.261. If the defendant makes
a prima facie case, the burden of production shifts to the State to present a
race-neutral reason for its challenged strike, a reason that is "a clear and reasonably
specific explanation of [the] legitimate reasons" for exercising its strike. Miller-El,
545 U.S. at 239, 125 S. Ct. at 2324; see Tex. Code Crim. Proc. Ann. art. 35.261(a)
("If the defendant establishes a prima facie case, the burden then shifts to the attorney
representing the State to give a racially neutral explanation for the challenges."). A
reason is deemed race-neutral if no discriminatory intent is inherent in the
prosecutor's explanation. Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; Thomas v.
State, 209 S.W.3d 268, 270 (Tex. App.--Houston [1st Dist.] 2006, no pet.)

 When the prosecutor responds by offering a race-neutral explanation, the
inquiry whether the defendant has made a prima facie case becomes moot, and the
defendant may rebut the State's explanation. Simpson, 119 S.W.3d at 268; Jasper v.
State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). In the third and final step, the
trial court must decide whether the defendant carried the burden to establish
purposeful discrimination. Miller-El, 545 U.S. at 239, 125 S. Ct. at 2324-25; Purkett,
514 U.S. at 768, 115 S. Ct. at 1771; Simpson, 119 S.W.3d at 268. The trial court's
inquiry addresses whether the neutral reasons provided by the prosecutor for the
peremptory challenge were contrived in order to conceal racially discriminatory
intent. Jasper, 61 S.W.3d at 421.

 Throughout the challenge, the burden of persuasion remains with the
defendant, Tex. Code Crim. Proc. Ann. art. 35.261(a), who may continue to rebut
the prosecutor's explanations before the trial court decides the Batson challenge.
Purkett, 514 U.S. at 768, 115 S. Ct. at 1771; Simpson, 119 S.W.3d at 268; see
Thomas, 209 S.W.3d at 270.

 A reviewing court examines jury selection from a cold record. Satterwhite v.
State, 858 S.W.2d 412, 415 (Tex. Crim. App. 1993). In other words, it is the trial
court who has the opportunity to view each venire person's demeanor and to evaluate
his or her credibility and, ultimately, is in the better position to pass on the challenges
for cause presented. Satterwhite, 858 S.W.2d at 415 (citing Smith v. State, 676
S.W.2d 379, 387 (Tex. Crim. App. 1984)). Consequently, we cannot reverse a trial
court's ruling on a Batson challenge unless it is clearly erroneous. See Gibson v.
State, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004). To hold that a trial court clearly
erred, we must have a "definite and firm conviction that a mistake has been
committed." Goldberg v. State, 95 S.W.3d 345, 385 (Tex. App.--Houston [1st Dist.]
2002, pet. ref'd). We may not substitute our opinion for the trial court's factual
assessment of the neutrality of the prosecutor's explanation for exercising strikes, and
we focus on the genuineness, rather than the reasonableness, of the prosecutor's
asserted nonracial motive. Gibson, 144 S.W.3d at 534 n.5 (citing Purkett, 514 U.S.
at 769, 115 S. Ct. at 1771-72). We give great deference to the trial court's
determination, and we view the evidence in the light most favorable to the trial
court's ruling. Gibson, 144 S.W.3d at 534 n.6 (citing Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997)); Jasper, 61 S.W.3d at 422.


 B. Analysis

 Appellant initiated the first step of the Batson challenge, which requires that
appellant make a prima facie case, by objecting to the State's use of a peremptory
strike to exclude juror seven, who according to appellant was a Hispanic man. The
State moved to the second step of Batson, by giving an explanation for the strike, as
follows:

 Juror No. 7, Mr. Hernandez, I noted in my review of his employment, he
is a cook at Hooters; and although I can't place why I don't like that, I
just didn't like that for my case being that it does involve a family
member case. 

Appellant did not rebut this justification, and the trial court found that it was racially
neutral.

 In this appeal, the State explains that the "juror was struck because he worked
at a restaurant that was notorious for objectifying women" and that the "prosecutor
obviously did not want such a juror, who could have been acclimated to such an
environment, sitting in judgment of a domestic violence case where a woman was
assaulted." 

 The trial court could reasonably have concluded that the State articulated a
racially neutral reason for striking juror number seven. Based on the circumstances
before the trial court, we hold it did not abuse its discretion in allowing venire
member seven to be removed by peremptory strike. We overrule appellant's third
point of error.Admission of Prior Convictions

 In his fourth point of error, appellant contends the trial court erred in admitting
his prior convictions as impeachment evidence because the prejudicial effect of the
evidence outweighed its probative value. 

 We review a trial court's decision regarding the admissibility of evidence of
prior convictions for a "clear abuse of discretion." Theus v. State, 845 S.W.2d 874,
881 (Tex. Crim. App.1992); Morris v. State, 67 S.W.3d 257, 262 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd). A trial court abuses its "wide
discretion" when its decision to admit a prior conviction lies outside the zone of
reasonable disagreement. Theus, 845 S.W.2d at 881; Morris, 67 S.W.3d at 262.

 Texas Rule of Evidence 609 provides that evidence of a witness's prior
conviction shall be admitted for purposes of impeachment if the crime was a felony
or a crime of moral turpitude and the court determines that the probative value of
admitting the evidence of the conviction outweighs its prejudicial effect. Tex. R.
Evid. 609(a). However, such evidence is not admissible if more than 10 years has
elapsed since the date of the conviction or the witness's release from confinement,
whichever is later, unless the court determines, in the interests of justice, that the
probative value of the conviction supported by specific facts and circumstances
substantially outweighs its prejudicial effect. Id. 609(b). On appeal, appellant and
the State agree that Rule 609(a) governs the disposition of this issue.

 In Theus, the Court of Criminal Appeals set out a nonexclusive list of factors
courts should use to weigh the probative value of a conviction against its prejudicial
effect. Theus, 845 S.W.2d at 880. Such factors include (1) the impeachment value
of the prior crime, (2) the temporal proximity of the past crime relative to the
charged offense and the witness's subsequent history, (3) the similarity between the
past crime and the charged offense, (4) the importance of the witness's testimony,
and (5) the importance of the witness's credibility. Id. The proponent seeking to
introduce evidence pursuant to Rule 609 has the burden of demonstrating that the
probative value of a conviction outweighs, or in this case substantially outweighs,
its prejudicial effect. See id. 

 During cross-examination of appellant, the State asked if appellant was the
same person who had been convicted of unauthorized use of a motor vehicle
(UUMV) on two previous occasions. At that point, appellant's attorney objected by
stating, "Judge, the State did not give notice under 609. Additionally, the prior
convictions are more than ten years old." Appellant's attorney further stated, "We
would also object to remoteness, Judge; they're more than ten years old." The State
responded that notice was given because the offenses were listed in the indictment
and notice was in the court's file. Noting that one conviction was in 1989, one
conviction was in 1992, and the conviction for kidnapping was in 2001, the court
ruled the convictions were admissible under "tacking." After that, appellant's
attorney stated, "Judge, the kidnapping is not alleged as a reason for attacking his
credibility." The court overruled the objection, responding, "Well, that's an element
of the offense. If he's on the stand, an element of the offense certainly is relevant." 
 In regard to the first factor, we note that the impeachment value of prior
offenses involving deception or moral turpitude is greater than for offenses involving
violence. Theus, 845 S.W.2d at 881. Here, appellant's prior convictions for UUMV
are crimes involving deception. See Baca v. State, 223 S.W.3d 478, 484 (Tex.
App.--Amarillo 2006, no pet.); Lowe v. State, No. 01-93-00985-CR, 1995 WL
19052, at *5 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd) (not designated for
publication). Accordingly, we conclude the first factor favors admission of
appellant's two prior UUMV convictions.

 In regard to the second factor, temporal proximity and subsequent history, the
law favors admission of past offenses if they are recent and the witness has
demonstrated a pattern of running afoul of the law. Theus, 845 S.W.2d at 881. In
this case, the record shows appellant was convicted of UUMV in 1989 and again in
1992. Appellant was then convicted in 2001 of a kidnapping that occurred in 1999. 
Because the evidence shows a lack of reformation, the second factor favors
admission of appellant's two prior convictions. See Lucas v. State, 791 S.W.2d 35,
51 (Tex. Crim. App. 1989) (stating that "[e]vidence of the lack of reformation or
subsequent felony and certain misdemeanor convictions may then cause the prior
conviction to fall outside the general rule and not be subject to the objection of
remoteness" and that "[t]he question is one of discretion for the trial court"). 

 In regard to the third factor, similarity between an offense and the current
offense militates against admissibility, whereas dissimilarity between the past
offense and the current offense favors admissibility. Theus, 845 S.W.2d at 881; 
Rodriguez v. State, 129 S.W.3d 551, 560 (Tex. App.--Houston [1st Dist.] 2003, pet
ref'd). The present case involves the offense of felony assault, which is not similar
to appellant's prior convictions of UUMV. Thus, we conclude that the third factor
favors admission because there is a lessened possibility of prejudice. See Theus, 845
S.W.2d at 881.

 In regard to the fourth and fifth factors, we consider the importance of
appellant's testimony and of his credibility. Id. at 880. We consider the defendant's
defense and the means at his disposal to prove that defense. Id. at 881. In this case,
appellant's testimony was corroborated by the testimony of Rawson, but Rawson's
testimony was itself heavily impeached. Nevertheless, appellant's testimony and
credibility were not as critical as they would have been if appellant had been the only
defense witness. See id. 

 Based on our consideration of all of the Theus factors, we hold the trial court
did not abuse its discretion in denying appellant's Theus motion and admitting
evidence of appellant's prior convictions. We overrule appellant's fourth point of
error. Conclusion

 We affirm the judgment of the trial court. 

 



 Elsa Alcala

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).